■ CAROL RECHNER, Respondent, v. FRED BRAND, Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries arising out of the collision of two motor vehicles, in one of which the plaintiff was a passenger, the defendant Fred Brand, the owner of the other vehicle,

appeals from an order of the Supreme Court, Nassau County, dated February 20, 1962, which conditionally granted his motion to dismiss the complaint as to him; the condition being that if plaintiff shall pay $25 costs and shall submit to examination on the date fixed in the order, the motion is denied. The motion was based on plaintiff's failure to appear for examination before trial pursuant to notice, after the examination date had been adjourned 13 times at her request. Order modified in the exercise of discretion by striking out its decretal paragraph, and by substituting therefor a paragraph granting unconditionally the defendant Fred Brand's said motion. As so modified, order affirmed, with $10 costs and disbursements to said defendant. In our opinion, the instant record clearly presents a case of willful disregard and abuse by plaintiff of the established procedural process of examination before trial. No valid excuse is offered in plaintiff's behalf to warrant the numerous adjournments or to justify her failure to appear for examination on the date ultimately stipulated. She failed to submit any affidavit in opposition to the motion; and the statement in her counsel's affidavit, that she has not been able to appear for examination " because of confinement or absence from the State " is meaningless. Under the circumstances, we hold that dismissal of the complaint is warranted. For a similar flagrant disregard of a notice of examination we have this day directed the striking out of a defendant's answer (*Merritt Associates* v. *Pomer Homes,* 17 A D 2d 831; cf. *Petersdorf* v. *O'Hagan,* 286 App. Div. 1100). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.